UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEITH TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01495-JPH-MKK |
| | ) | |
| ZURICH, | ) | |
| UNIVERSAL UNDERWRITERS SERVICE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

As explained in greater detail below, this order gives Mr. Turner until March 6, 2023, to file an amended complaint; restricts Mr. Turner's ability to file any other documents before the March 8, 2023, initial pretrial conference; and requires Mr. Turner's future filings to comply with the instructions in this order. Failure to follow the Court's instructions—as well as the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Indiana—will result in: (i) non-compliant filings being stricken; and (ii) the imposition of sanctions, up to and including dismissal of this case.

**A. Leave to file an amended complaint**

After the Magistrate Judge partially granted Universal Underwriters Service Corporation (UUSC)'s motion to intervene, UUSC filed its answer to the complaint. Dkt. 38; dkt. 40. Shortly thereafter, Mr. Turner filed a document titled "complaint" that purported to set forth claims against UUSC. Dkt. 43; *see* Fed. R. Civ. P. 15(a)(1)(b). That filing states "this document will serve as a

1

separate complaint against UUSC" and refers to Mr. Turner's "initial complaint" against Zurich.  *Id.* at 2–3 ("the relief requested in my complaint against UUSC will match the relief requested from Zurich.").  The Federal Rules of Civil Procedure do not permit a plaintiff to, in one lawsuit, file separate complaints against different defendants.  *See* Fed. R. Civ. P. 7(a) (setting forth pleadings that are allowed, including "a complaint"); Fed. R. Civ. P. 15(a) (authorizing amendment of pleadings).  Therefore, Mr. Turner cannot in this case have one complaint against Zurich and another complaint against UUSC.  Instead, he is limited to having one operative complaint that sets forth all claims against both defendants.  *See* Fed. R. Civ. P. 8(a).

The Court construes Mr. Turner's filing at docket 43 as an attempt to file an amended complaint and therefore gives Mr. Turner up to and including **March 6, 2023**, to file an amended complaint.  An amended complaint completely replaces the previous complaint so Mr. Turner's amended complaint must be a complete statement of all claims that Mr. Turner intends to set forth against all defendants in this case.  *See Beal v. Beller,* 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

The Court refers Mr. Turner to the requirements regarding a federal complaint, including that it must include "a short and plain statement of the claim" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a).  The amended complaint must clearly specify the defendants against whom claims are raised; explain what those defendants did, and when; and explain what the plaintiff is

2

seeking.  *See id.*  The amended complaint must also include the case number and "Amended Complaint" on the first page.

If Mr. Turner chooses to file an amended complaint by March 6, 2023, the Court will screen it.  *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."); 21 U.S.C. § 1915A(e)(2)(B).  The Court may dismiss any claims that fail to state a claim upon which relief may be granted and may dismiss the complaint if it fails to invoke the Court's jurisdiction.  *See* 21 U.S.C. § 1915A(e)(2)(B)(ii); 28 U.S.C. §§ 1331, 1332.

The **clerk is directed** to include a copy of the Court's form civil complaint with Mr. Turner's copy of this order.

**B. Other filings**

In addition to the "complaint" against UUSC, Mr. Turner recently filed an objection to the Magistrate Judge's ruling that UUSC be allowed to intervene as a defendant, dkt. 44; a "response" to UUSC's answer and defenses, dkt. 45; and a request that the clerk issue summons to defendant Zurich, dkt. 46.  These filings are not motions and, therefore, do not require ruling by the Court.  Moreover, these filings are improper because:

- the motion to intervene was already granted and the Magistrate Judge considered Mr. Turner's arguments in the order granting that motion, dkt. 38, dkt. 44;

- the Federal Rules of Civil Procedure do not authorize Mr. Turner to file a "response" to a defendant's answer to the complaint, dkt. 45; and

- the Court will address the need for further service of process/summons once a proper amended complaint has been filed and screened, dkt. 46.

### C. Instructions for future filings

Mr. Turner's future filings **MUST COMPLY** with the following instructions:

(1) include a title on the first page of each filing, *see* S.D. Ind. L.R. 5-1(b), and

(2) identify in the first sentence:

 a. the specific Local Rule or Rule of Civil Procedure that serves as the basis for the filing; and

 b. the Court action he is seeking.

For example: "Pursuant to [insert Fed. R. Civ. P. or Local Rule], Plaintiff files the following [title of filing], for the purpose of [insert purpose and/or requested Court action]."

### D. Warning regarding abusive/frivolous filings

Mr. Turner is warned that abusive or frivolous filings will not be tolerated. The Court has inherent authority to manage its docket and protect its finite resources. *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) ("Every paper filed . . . no matter how repetitious or frivolous, requires some

4

portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.") (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). The Court has broad discretion to exercise this authority by dismissing a case and/or restricting future filings by an abusive litigant.

Here, in addition to the unauthorized filings addressed in this order, Mr. Turner has filed other filings that were untimely, *see* dkt. 23 (denying premature motions for default judgment), or not authorized by the Court's Local Rules or the Federal Rules of Civil Procedure, *see e.g.*, dkt. 39 (resolving motion for "definite defendant"). Moreover, Mr. Turner has been warned in other cases about improper filings. *See Turner v. Indiana Dept. of Workforce Development*, Case No. 1:22-cv-932-RLY-MG, docket no. 29.[1]

Failure to follow the Court's instructions—as well as the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Indiana—will result in: (i) non-compliant filings being stricken; and (ii) the imposition of sanctions, up to and including dismissal of this case.

An amended complaint is the **only** filing that Mr. Turner is allowed to file before the March 8, 2023, initial pretrial conference call. If he chooses to file an amended complaint, he must do so **by March 6, 2023 as outlined in Part A** of this order. In the absence of good cause shown, any other filings will be stricken.

---

[1] The Court may take judicial notice of another court's order. *Opoka v. I.N.S.*, 94 F.3d 392 (7th Cir. 1996). The Court also takes judicial notice of the docket in *Turner v. Westfield Washington Township*, Case No. 1:22-cv-275-TWP-DML.

**SO ORDERED.**

Date: 2/24/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEITH TURNER
275 Medical Dr. #3457
Carmel, IN 46082
keithspadez@gmail.com

Russell Morgan Salisbury
Lewis Brisbois Bisgaard & Smith
morgan.salisbury@lewisbrisbois.com

Zurich
Corporation Service Company
135 N. Pennsylvania St., Suite 1610
Indianapolis, IN 46204

Zurich
1299 Zurich Way
Schaumburg, IL 60196