UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01495-JPH-MKK |
| | ) |
| ZURICH, | ) |
| UNIVERSAL UNDERWRITERS SERVICE | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**ORDER STAYING BRIEFING ON MOTION FOR SUMMARY JUDGMENT AND DIRECTING BRIEFING ON SUBJECT-MATTER JURISDICTION**

Keith Turner alleges that Defendants breached the terms of a Guaranteed Asset Protection agreement by failing to pay out the cash value of his car after it was totaled and that they acted in bad faith by misrepresenting the terms of the GAP agreement. Dkt. 48 at 2. Mr. Turner asserts that the Court has diversity jurisdiction over these claims. *Id.*; 28 U.S.C. § 1332.[1] Defendant UUSC has moved for summary judgment. Dkt. 54 at 12. However, because it appears that the claims do not meet the amount in controversy requirement under 28 U.S.C. § 1332, briefing on the motion for summary

---

[1] Mr. Turner lists several federal statutes and constitutional provisions that "have an element of federal legality as well", dkt. 48 at 2, but he does not make any argument that the facts in his case support a violation of any federal statute or constitutional provision. *See generally id.* Therefore, to the extent these passing references could be construed as invoking federal question jurisdiction, the Court finds they are insufficient to establish federal question jurisdiction over this case. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

1

judgment is **STAYED**.  The Court sets this matter for **briefing on the jurisdictional question** as outlined in Part III of this order.

### I.     Applicable Law

"[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte.*"  *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015).  To exercise diversity jurisdiction over this suit, Mr. Turner and all defendants must be citizens of different states and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

But "the fact that the plaintiff *alleged* an amount in controversy in excess of $75,000 . . . does not establish that this is the amount in controversy."  *El v. AmeriCredti Financial Services Inc.*, 710 F.3d 748, 752 (7th Cir. 2013) (finding amount in controversy not sufficiently alleged even when Plaintiff asserted that he was owed over $2 billion in damages).  Instead, the Court must look to the face of the pleadings to determine whether "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount [that is, an amount required to maintain a diversity suit] claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount"  *Id.* (citation omitted).  If the Court determines that the plaintiff cannot recover the amount necessary to meet the jurisdictional requirement, "the suit will be dismissed."  *Id.*

### II.     Analysis

Mr. Turner's amended complaint seeks $128,922,470,883 from each Defendant.  Dkt. 48 at 9.  Defendant UUSC has moved for summary judgment arguing that, despite this "staggering" amount, "there is no basis for any damages award."  Dkt. 54 at 12.  Specifically, UUSC argues that there can be no award because Mr. Turner was already made whole for his loss when his car insurance paid out the actual cash value of his car.  *Id.* at 8 ("[u]nder no set of facts is Plaintiff entitled to recover, for a second time, the actual cash value of the vehicle, nor is he entitled to a complete refund of his insurance deductible as he claims.").  UUSC further agues that there is "no legal basis for any punitive damages."  *Id.* at 13.

Based on the allegations in the amended complaint and the arguments and evidence submitted in support of UUSC's motion for summary judgment, it appears there is "legal certainty" that Mr. Turner "was never entitled to recover" damages in excess of $75,000.  *El*, 710 F.3d at 752.  Specifically, under Indiana law, "the measure of damages in a contract action is limited to those actually suffered as a result of the breach which are reasonably assumed to have been within the contemplation of the parties at the time the contract was formed." *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 519 (Ind. 1993).  Here, UUSC has designated the GAP claim denial letter, which explained to Mr. Turner that he was not entitled to any payment because the insurance payment he had already received exceeded the amount of the GAP value at the

3

time of the accident. Dkt. 54-2.[2] This evidence is consistent with Mr. Turner's complaint which implies that his car insurance provider had paid him for the "cash value" of his car after it was totaled. *See* dkt. 48 at 3; dkt. 1-2. He also alleges that the GAP benefits were intended to cover the "Actual Cash Value of the vehicle and up to $1,000 of the deductible." Dkt. 48 at 3. So, even if the Court were to find that Defendants breached some term of the GAP agreement, his breach of contract damages would not exceed $1,000 because he has already been made whole for loss of the car's cash value and is not entitled to double recovery on that loss. *Bank One, Nat'l Ass'n v. Surber*, 899 N.E.2d 693, 704 (Ind. Ct. App. 2009); *INS Investigations Bureau, Inc. v. Lee*, 784 N.E.2d 566, 577 (Ind. Ct. App. 2003) (explaining that the Indiana Supreme Court has noted that granting double recovery constitutes fundamental error) (quotation omitted).

While Indiana law allows an award of punitive damages for bad faith claims in rare cases, *Erie Ins.*, 622 N.E.2d at 520, punitive damages awards in Indiana are capped at the greater of three times the compensatory damages or $50,000. *See State v. Doe*, 987 N.E.2d 1066, 1069 (Ind. 2013); Ind. Code § 34–51–3–4. Therefore, even if Mr. Turner were awarded full punitive damages of $50,000 on his bad faith claim, the amount in controversy would still not exceed $75,000 as required. 28 U.S.C. § 1332.

---

[2] To the extent that Mr. Turner alleges he suffered other losses as a result of nonpayment by Defendants, including multibillion dollar business losses, *see* dkt. 1-2, those losses cannot be "reasonably assumed" to have been "within the contemplation of the parties at the time the contract was formed." *Erie Ins.*, 622 N.E.2d at 519.

4

In sum, despite Mr. Turner's exceedingly high damages claim, it appears that there is "legal certainty" that the amount in controversy does not meet the minimum amount required for the Court to exercise subject-matter jurisdiction over these state law claims. *El*, 710 F.3d at 752.

### III. Further proceedings

Because UUSC did not move for summary judgment based on lack of subject-matter jurisdiction, Mr. Turner shall have **through May 5, 2023,** in which to file a brief, not to exceed 7 pages, that explains why this case should not be dismissed for lack of subject matter jurisdiction. Defendant UUSC shall have through **May 26, 2023,** in which to file a response brief, not to exceed 7 pages. If the Court finds there is no subject matter jurisdiction over this suit, it will be dismissed without prejudice.

Briefing on the motion for summary judgment is **STAYED** pending the outcome of the jurisdictional question.

**SO ORDERED.**

Date: 4/19/2023

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:
KEITH TURNER
275 Medical Dr. #3457
Carmel, IN 46082
keithspadez@gmail.com

Russell Morgan Salisbury
Lewis Brisbois Bisgaard & Smith
morgan.salisbury@lewisbrisbois.com